IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10730
(Summary Calendar)
_____


REYNALDO MONTEZ GARCIA, SR.,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 5:95-CV-28-C)
- - - - - - - - - -
April 1, 1996
Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order denying appellant's habeas petition under 28 U.S.C. § 2254. Appellant argues that: (1) the state court's reasonable doubt jury instruction was not constitutionally sufficient; (2) the state improperly introduced extraneous offenses into evidence; (3) the state improperly referred to evidence not introduced at trial

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

during closing argument; (4) the state's introduction of the knife violated appellant's constitutional rights; (5) the evidence was insufficient to support his conviction; (6) the state court improperly cumulated his setences; and (7) appellant's trial and appellate counsel were ineffective. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm the district court's judgment concerning the above issues for essentially the reasons given by the district court. <u>Garcia v. Johnson</u>, No. 5:95-CV-28-C (N.D. Tex. Aug. 3, 1995).

For the first time on appeal, appellant argues that the cumulation of his sentence for the retaliation offense with his sentence for the indecency offense places him in double jeopardy. Because this purely legal issue is raised for the first time on appeal, we review only for plain error. <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995). The district court did not plainly err in cumulating appellant's sentences as the sentences were imposed for offenses which are different for double jeopardy purposes. <u>See</u> <u>United States v. Henderson</u>, 19 F.3d 917, 926 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 207 (1994).

AFFIRMED.